1  Anthony M. Keats (SBN 123672)
   *tony@keatsgatien.com*
2  Konrad K. Gatien (SBN 221770)
   *kg@keatsgatien.com*
3  KEATS GATIEN LLP
   120 S. El Camino Drive, Suite 207
4  Beverly Hills, CA 90212
   Telephone: (424) 302-0692
5

6  Brian W. Brokate (*pro hac vice*)
   *bwbrokate@gibney.com*
7  John Macaluso (*pro hac vice*)
   *jmacaluso@gibney.com*
8  Maja Szumarska (*pro hac vice*)
   *mszumarska@gibney.com*
9  GIBNEY, ANTHONY & FLAHERTY, LLP
   665 Fifth Avenue
10 New York, NY 10022
   Telephone: (212) 688-5151
11 Facsimile: (212) 688-8315

12 Attorneys for Plaintiff
   ROLEX WATCH U.S.A., INC.

JS6

13

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16                          SOUTHERN DIVISION

17

18 ROLEX WATCH U.S.A., INC.,          **CASE NO. 8:17-CV-00014 AG (DFMx)**

19                                     ~~[PROPOSED]~~
                  Plaintiff,
20                                     **FINAL JUDGMENT AND**
                  v.                   **PERMANENT INJUNCTION**
21                                     **UPON CONSENT**

22
   JACK ALFRED MARTIN and
23 NANCIE ANN MARTIN, individually
   and collectively d/b/a PRETTY
24 PLEASE,

25                  Defendants.

26

27

28

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") and defendants Jack Alfred Martin and Nancie Ann Martin d/b/a Pretty Please (hereinafter collectively referred to as "Defendants"), having agreed that a Final Judgment and Permanent Injunction Upon Consent (hereinafter referred to as "Final Judgment") should be entered between them and good cause appearing therefore:

1. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

2. Defendant Jack Alfred Martin is a resident of the State of California residing at 32005 via Pavo Real, Trabuco Canyon, CA 92679.

3. Defendant Nancie Ann Martin is a resident of the State of California residing at 32005 via Pavo Real, Trabuco Canyon, CA 92679.

4. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches"). Rolex is responsible for maintaining control over the quality of Rolex products and services in this country. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

5. Rolex is the owner of the following federal trademark registrations in the U.S. Patent and Trademark Office:

///

///

///

-1-

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♛ CROWN DEVICE | 657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/1959 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/1967 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/2000 | Watches. |
| EXPLORER | 2,518,894 | 12/18/2001 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/2001 | Watches. |
| GMT-MASTER | 683,249 | 8/11/1959 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/2005 | Watches and parts thereof. |
| OYSTER | 239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/1996 | Watches. |
| ROLEX DEEP SEA | 3,703,603 | 10/27/2009 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/1993 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/2005 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |
| COSMOGRAPH | 733,081 | 6/19/1962 | Watches. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached to the Complaint as Exhibit 1.

6.     The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

7.     Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of the Defendants. Rolex Registered

-2-

Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

8.  Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and related products.

9.  Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

10.  Long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendants began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, watches bearing counterfeits and infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and as shown in the Rolex Registered Trademarks attached to the Complaint as Exhibit 1.

11.  The spurious marks or designations used by Defendants in interstate commerce are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by the Rolex Registered Trademarks.

12.  Defendants admit they intentionally and willfully sold, offered for sale, distributed, promoted and advertised merchandise bearing counterfeits of one or more of the Rolex Registered Trademarks, despite the knowledge that such sales are illegal.

13.  Defendants are not now, nor have they ever been associated, affiliated or connected with or endorsed or sanctioned by Rolex.

14.  Rolex has gone to great lengths to protect its name and enforce its trademarks.

15.  Rolex has no adequate remedy at law.

16.  Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

8:17-cv-00014 AG (DFMx)
FINAL JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT

17. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

18. Defendants agree that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof.

19. Defendants agree that the amount in controversy in this action is greater than $75,000.

20. Rolex commenced this action on or about January 5, 2017, alleging trademark counterfeiting, 15 U.S.C. § 1114, and trademark infringement, 15 U.S.C. § 1114 by Defendants.

21. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and personal jurisdiction over the parties.

**NOW, THEREFORE,** upon the consent of the parties hereto, **IT IS ORDERED, ADJUDGED AND DECREED** as follows:

A. Defendants, their agents, servants, employees, attorneys and all persons acting in concert and participation with them, and their successors and assigns, jointly and severally be and hereby are, permanently restrained and enjoined from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent their

-4-

unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g) engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use

-5-

or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h)     using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (including but not limited to in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i)     knowingly operating or engaging in a business involving a website or other enterprise that offers for sale any nongenuine products bearing the Rolex Registered Trademarks;

(j)     acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k)     using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l)     having any connection whatsoever with any websites known by Defendants to offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks; and

(m)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

-6-

1       It is further ORDERED that in the event that Defendants are ever found by a
2 court of competent jurisdiction, after notice and opportunity to be heard, to be in
3 violation of this Final Judgment the parties agree that (a) Rolex will be entitled to all
4 normal relief which it may request from the court; and (b) Rolex will be entitled to
5 recover any and all future and additional damages, fees and costs incurred by Rolex
6 due to Defendants' violation of this Final Judgment, and judgment shall be entered
7 against Defendant in that full amount.

8       It is further ORDERED that any act by Defendants in violation of the terms or
9 conditions of this Final Judgment may be considered and prosecuted as contempt of
10 this Court.

11       It is further ORDERED that the jurisdiction of this Court is retained for the
12 purpose of making any further orders necessary or proper for the construction,
13 implementation or modification of this Final Judgment, the enforcement thereof and
14 the punishment of any violations thereof.

15       It is further ORDERED that this Final Judgment shall be binding upon and shall
16 inure to the benefit of the parties ~~and their respective heirs, successors and assigns~~
17 and acquiring companies.

18       The Court expressly determines that there is no just reason for delay in entering
19 this judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the
20 Court directs entry of judgment against Defendants.

21       This Final Judgment shall be deemed to have been served upon Defendants at
22 the time of its execution by the Court.

23 **IT IS SO ORDERED:**

24

25

26 Dated: NOV 6 , 2017

27                           HON. ANDREW J. GUILFORD
                            UNITED STATES DISTRICT JUDGE

28